# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 21

*October Term, A.D. 2012*

*February 21, 2013*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

PHILIP M. KLEINSMITH SR., WSB
#5-2952,

D-13-0003

## ORDER OF PUBLIC CENSURE

[¶1]    **This matter** came before the Court upon a "Report and Recommendation for Reciprocal Order of Public Censure," filed herein January 9, 2013, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Philip M. Kleinsmith, Sr. should be publicly censured pursuant to Section 20 of the Disciplinary Code for the Wyoming State Bar (Reciprocal discipline). It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reciprocal Order of Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that Philip M. Kleinsmith, Sr. is hereby publicly censured for his conduct, which is described in the attached pleadings from the Utah disciplinary matter involving Mr. Kleinsmith. Those pleadings are attached hereto and incorporated herein; and it is further

[¶4]    **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Kleinsmith shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00.  Mr. Kleinsmith shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before April 1, 2013; and it is further

[¶5]    **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated "Report and Recommendation for Reciprocal Order of Public Censure" and the Utah disciplinary pleadings, as a matter coming regularly before this Court as a public record; and it is further

[¶6]    **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated "Report and Recommendation for Reciprocal Order of Public Censure" and the Utah disciplinary pleadings, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Philip M. Kleinsmith, Sr.

[¶8]    **DATED** this 21st day of February, 2013.


BY THE COURT:

/s/

**MARILYN S. KITE**
**Chief Justice**

BEFORE THE SUPREME COURT

OF THE STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JAN - 9 2013

CAROL THOMPSON, CLERK
by CHIEF DEPUTY

*In the matter of* )
*PHILIP M. KLEINSMITH SR.* )
*WSB No. 5-2952* )
 )
 ) *Docket No. WSB 2012-158*
*Respondent.* )

D-13-0003

## REPORT AND RECOMMENDATION FOR
## RECIPROCAL ORDER OF PUBLIC CENSURE

THIS MATTER having come before the Board of Professional Responsibility pursuant to Bar Counsel's stipulated motion for reciprocal public censure of Respondent, and the Board having reviewed the stipulated motion, the affidavit of Respondent in support thereof, and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS:

### FINDINGS OF FACT

1. Respondent is an attorney licensed to practice law in Wyoming since 1993. Respondent is licensed to practice in other states as well, and maintains an office in Colorado Springs, Colorado.

2. In October of 2012, Respondent received a public reprimand in Utah, which followed a Final Judgment and Order of the Supreme Court of Arizona, dated March 20, 2012, reprimanding Respondent for conduct in violation of the Arizona Rules of Professional Conduct.

3. Attached hereto are true and accurate copies of (1) Order of Discipline: Public Reprimand, issued by the Third Judicial District Court in and for Salt Lake County, State of Utah; (2) Discipline by Consent and Settlement Agreement entered into in the Utah disciplinary action; and (3) Affidavit of Consent signed by Respondent in the Utah disciplinary action.

1

4. Respondent has been advised of his right under Section 20 of the Disciplinary Code for the Wyoming State Bar to a hearing before any reciprocal discipline is imposed. Respondent has waived his right to such hearing, and has consented to the entry of a reciprocal Order of Public Censure for violation of Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.5 (fees), 1.16 (terminating representation), 5.3 (responsibilities regarding nonlawyer assistants), 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(d) (conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct.

5. Respondent has consented to the publication of the attached Utah disciplinary pleadings with any Order of Public Censure that may be issued in the above-captioned disciplinary proceeding.

## CONCLUSIONS OF LAW

8. Section 20 of the Disciplinary Code for the Wyoming State Bar provides that an order of reciprocal discipline may be entered against members of the Bar who have been disciplined in other jurisdictions.

9. The discipline imposed upon Respondent in Arizona and Utah should also be imposed in Wyoming in the form of a public censure.

## RECOMMENDATION

The Board of Professional Responsibility recommends that Respondent: (1) receive a public censure for violation of Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.5 (fees), 1.16 (terminating representation), 5.3 (responsibilities regarding nonlawyer assistants), 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(d) (conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct; and

2

(2) be ordered to pay the administrative fee in the amount of $500.00 and administrative costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

Dated January ___8___, 2013.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was served upon Respondent this 9th day of January, 2013, by United States mail, first class postage prepaid and correctly addressed as follows:

Phillip M. Kleinsmith Sr.
Kleinsmith & Associates, P.C.
6035 Erin Park Drive, Suite 203
Colorado Springs, CO 80918-5411

Barbara Townsend, #5568
Assistant Counsel
Office of Professional Conduct
Utah State Bar
645 South 200 East
Salt Lake City, Utah 84111
Telephone: 801 531-9110

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| In the Matter of the Discipline of: | ORDER OF DISCIPLINE: PUBLIC REPRIMAND |
| Philip M. Kleinsmith, #5370 | Civil No. 120906297 |
| Respondent. | Judge Vernice Trease |

The above-captioned matter having come before the Court upon the pleadings, and the Court having reviewed all pleadings and papers on file herein, including the Affidavit of Respondent and the Discipline by Consent and Settlement Agreement entered into between the Respondent, Philip B. Kleinsmith, and the Utah State Bar's Office of Professional Conduct, and the Court having been fully advised in the premises, does now, ORDER, ADJUDGE and DECREE, that for the rule violations set forth in the Petition for Reciprocal Discipline and the Discipline by Consent and Settlement Agreement:

IT IS HEREBY ORDERED that Philip B. Kleinsmith be publically reprimanded.

DATED this ___ day of _____ 2012.

_____
Honorable Vernice Trease
Third Judicial District Court Judge

Approved as to Form:

_____
Philip M. Kleinsmith

Dated: October 26, 2012
       09:24:47 AM

by

/s/ Jennifer Williams
District Court Clerk

At the direction of
Vernice Trease
District Court Judge

2

Barbara Townsend, #5568
Assistant Counsel
Office of Professional Conduct
Utah State Bar
645 South 200 East
Salt Lake City, Utah 84111
Telephone: 801 531-9110

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| In the Matter of the Discipline of: | DISCIPLINE BY CONSENT AND SETTLEMENT AGREEMENT |
| Philip M. Kleinsmith, #5370 Respondent. | Civil No. 120906297 Judge Vernice Trease |

The Utah State Bar's Office of Professional Conduct ("OPC"), by and through Barbara L. Townsend, Assistant Counsel, and Respondent, Philip M. Kleinsmith, pursuant to Rule 14-520(b), Rules of Lawyer Discipline and Disability ("RLDD"), hereby resolve the above-captioned disciplinary matter by consent, based on the following admissions, statements, and facts. In this respect, Mr. Kleinsmith's admissions are considered conditional admissions and the OPC's agreement to the proposed discipline based on the conditional admissions is to be considered its response that the proposed discipline substantially satisfies its concerns as outlined in the Petition for Reciprocal Discipline in this matter.

## I. ADMISSIONS

Mr. Kleinsmith admits as follows:

1. The facts alleged in the Petition for Reciprocal Discipline filed in this action pertain to Mr. Kleinsmith's discipline before the Supreme Court of Arizona.

2. Mr. Kleinsmith voluntarily enters into the admissions set forth herein without duress or coercion fully understanding the implications of his admissions and the misconduct admitted to; and in exchange for these admissions, the Office of Professional Conduct has agreed to recommend that the Court accept the discipline set forth in this agreement as a fair and just resolution of this matter.

3. Mr. Kleinsmith has violated the following Rules of Professional Conduct: Rule 1.1 Competence; 1.3 Diligence; 1.4 Communication; 1.5 Fees; 1.16 Declining or Terminating Representation; 5.3 Responsibilities Regarding Nonlawyer Assistants; 8.4(d) Misconduct; and 8.4(a) Misconduct of the Rules of Professional Conduct.

## II. FINDINGS OF FACT

Mr. Kleinsmith specifically admits the following factual allegations:

1. The attorney charged with unprofessional conduct is Philip B. Kleinsmith, who is a member of the Utah State Bar. Mr. Kleinsmith is also licensed to practice law in Alaska, Arizona, Colorado, Florida, Hawaii, Idaho, Kansas, Kentucky, Louisiana, Maryland, Minnesota, Missouri, Montana, Nebraska, New Mexico, North Carolina, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Washington, Wisconsin, and Wyoming.

2. On March 20, 2012, the Supreme Court of Arizona issued a Final Judgment and Order reprimanding Mr. Kleinsmith for his conduct in violation of the Arizona Rules of Professional Conduct. Mr. Kleinsmith was also placed on probation for a year, subject to early termination upon completion and payment for Ethics school, and ordered to pay $1,200.00 to the State Bar of Arizona.

3. Pursuant to Rule 14-522(b), RLDD, on August 10, 2012 the OPC gave initial notice to Mr. Kleinsmith that the OPC intended to seek reciprocal discipline in Utah.

4. Mr. Kleinsmith has submitted a written response to the Notice of Reciprocal Discipline.

5. The Final Judgment and Order issued by the Supreme Court of Arizona was predicated on the following facts:

    a. In January of 2010, in Maricopa County Superior Court, Respondent's Complaint on behalf of Webster's Bank ("The Bank") was dismissed for lack of service without an attempt by Respondent to move for an alternate form of service. Additionally, Respondent erroneously certified the case for arbitration (a requirement for cases in which less than $50,000.00 is in controversy) despite the case concerning a note of $400,000.00.

3

b. In February of 2010, in Pima County Superior Court, Respondent on behalf of the Bank, certified a case for arbitration that involved a $250,000.00 principal loan.

c. In March of 2010, Respondent, in Maricopa County Superior Court, incorrectly certified a case for arbitration despite a principal loan balance at issue of $63,000.00.

d. In April of 2010, Respondent, in Maricopa County Superior Court, filed a complaint on behalf of the Bank. In filing the Complaint, Respondent certified that the claim was for less than $50,000.00 and, thus, subject to arbitration, even though the note on the property subject to litigation was in excess of $200,000.00.

e. On June 7, 2010, Respondent filed a Complaint on behalf of the Bank in Maricopa County Superior Court. The Complaint was dismissed for lack of service without a motion for alternative service.

f. On July of 2010, Respondent erroneously certified a Maricopa County case for arbitration.

g. In July of 2010, Respondent filed a matter on the Bank's behalf in Yavapai County Superior Court, in which he erroneously certified the matter for arbitration.

4

h. In August of 2010, in a Maricopa County Superior Court case, Respondent erroneously certified the case for arbitration.

i. In September of 2010, Respondent improperly certified a case for arbitration in Yavapai County Superior Court concerning a note of $175,000.00.

j. In September of 2010, Respondent filed a Complaint in a Maricopa County Superior Court matter concerning a $60,000.00 note. Respondent improperly certified the case for arbitration.

k. Respondent has provided the following explanation regarding the arbitration certificate errors: "The AZ collection matters we had handled before we were employed by the client were almost always subject of mediation by amount. I did not consider this or direct the paralegal accordingly and, therefore, she continued to elect mediation. I now review every Summons and Complaint to verify whether arbitration applies for the AZ county involved."

l. In a Florida matter, Respondent included an incorrect address and property description in the notice of sale and certificate of title and failed to name the condominium association as defendant. Respondent has indicated that he was in the process of correcting his errors when the client substituted new counsel.

5

m. In a Wisconsin matter, the Bank's case was dismissed with prejudice and costs after Respondent failed to appear for two hearings. Respondent explained his failure to appear by offering: "I did not appear at two hearings because WB [the Bank] was negotiating a settlement." As a result of his failure to appear, the matter was dismissed with prejudice. Respondent had the dismissal changed to a dismissal without prejudice, but billed the Bank to file the corrective motion after his failures to appear. The Judge required the client to pay $651 to the Defendant for the Dismissal without prejudice which the Bank paid through its new substituted counsel.

n. In a Texas matter in the Smith County District Court, respondent filed a Motion to Withdraw as Counsel and mailed a copy of the motion to the Bank, simultaneously. No prior notification of the withdrawal was given to the Bank. Respondent believed this was sufficient notice because his understanding was that the motion could only be ruled upon if he set it for hearing.

## III. CONCLUSIONS OF LAW

Mr. Kleinsmith specifically admits that he violated the following rules:

6

1.     Rule 1.1 (Competence) states: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Mr. Kleinsmith violated this rule by erroneously certifying cases in Arizona, by filing papers with incorrect information in Florida and by failing to appear for hearings in Wisconsin.

2.     Rule 1.3(a) (Diligence) states: "A lawyer shall act with reasonable diligence and promptness in representing a client." Mr. Kleinsmith violated this rule by failing to give proper notice of withdrawal, and by failing to obtain service on cases within the required amount of time.

3.     Rule 1.4 (Communication) states: A lawyer shall

(a)(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information; and (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

Mr. Kleinsmith violated this rule by failing to communicate with his client sufficiently with respect to the termination of his services and withdrawal of counsel.

4.     Rule 1.5 (Fees) states:

(a) A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the

7

following: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

Mr. Kleinsmith violated this rule when he billed a client for a fee to correct a mistake that he made.

5.      Rule 1.16 (Declining or Terminating Representation) states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer must provide, upon request, the client's file to the client. The lawyer may reproduce and retain copies of the client file at the lawyer's expense.

Mr. Kleinsmith violated this rule when he failed to protect his client's interests when withdrawing from the matter.

6.      Rule 5.3 (Responsibilities Regarding Nonlawyer Assistants) states:

With respect to a nonlawyer employed or retained by or associated with a lawyer: (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer.

Mr. Kleinsmith violated this rule when he failed to train and supervise his paralegal regarding appropriate filing procedures in Arizona.

8

7.  Rule 8.4(d) (Misconduct) states: "It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice." Mr. Kleinsmith violted this rule when he failed to appear, failed to designate cases appropriately and failed to obtain service; causing the courts to use unnecessary resources.

8.  Rule 8.4(a) (Misconduct) states: "It is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." Mr. Kleinsmith violated this rule when he violated the aforementioned rules.

9.  The disciplinary procedure before the Supreme Court of Arizona gave Mr. Kleinsmith notice and an opportunity to be heard, and Mr. Kleinsmith received due process in the disciplinary proceeding. Mr. Kleinsmith agreed to the discipline imposed by the Supreme Court of Arizona.

## IV. AGGRAVATING AND MITIGATING CIRCUMSTANCES

1.  The Office of Professional Conduct and Mr. Kleinsmith stipulate that, for purposes of this discipline by consent agreement, that there are no aggravating or mitigating circumstances as outlined in Rule 14-607(a) of the Standards for Imposing Lawyer Sanctions.

9

## V. RECOMMENDATION OF DISCIPLINE

Subject to the Court's approval, Mr. Kleinsmith and the OPC agree that Mr. Kleinsmith will receive a public reprimand.

DATED this _18th_ day of _October_ 2012.

Philip B. Kleinsmith
Respondent

DATED this _22nd_ day of _Oct_ 2012.

Barbara L. Townsend
Assistant Counsel
Office of Professional Conduct

10

Barbara Townsend, #5568
Assistant Counsel
Office of Professional Conduct
Utah State Bar
645 South 200 East
Salt Lake City, Utah 84111
Telephone: 801 531-9110

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| In the Matter of the Discipline of: | AFFIDAVIT OF CONSENT |
|---|---|
| Philip M. Kleinsmith, #5370<br>Respondent. | Civil No. 120906297<br>Judge Vernice Trease |

STATE OF Colorado )
                   ) ss.,
COUNTY OF El Paso )

I, Philip M. Kleinsmith, being first duly sworn, depose and say:

1.      I am the Respondent in this disciplinary action. I am making this Affidavit of Consent for the purposes of Rule 14-520(d) of the Rules of Lawyer Discipline and Disability of the Utah State Bar, and for no other purposes. I have personal knowledge of the facts set forth in this affidavit, and state the same to be true.

2.      I am aware that this disciplinary action is presently pending against me. I have reviewed the Discipline by Consent and Settlement Agreement filed by the Office of Professional Conduct in this matter. There exist grounds for discipline against me

for violation of the Rules of Professional Conduct as outlined in the Discipline by Consent and Settlement Agreement.

3. The allegations in the Petition for Reciprocal Discipline in this proceeding could not be successfully resisted, given the facts I have admitted in the Discipline by Consent and Settlement Agreement which I incorporate by reference in this Affidavit. I feel that all terms of the Discipline by Consent and Settlement Agreement are appropriate and are true and correct.

4. I enter into this Discipline by Consent and Settlement Agreement freely and voluntarily, without duress or coercion, fully understanding the implications of my admissions and the misconduct the Office of Professional Conduct of the Utah State Bar has alleged against me.

5. I request that the District Court enter an Order of Discipline: Public Reprimand pursuant to the terms of the Discipline by Consent and Settlement Agreement signed by me.

DATED: this _18th_ day of _October_, 2012.

Philip M. Kleinsmith

SUBSCRIBED AND SWORN to before me this _18th_ day of _October_, 2012.

NOTARY PUBLIC
Residing in: _Colorado Springs, CO_

My Commission expires: _04/49/16_

2